IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| John C. and Barbara L. Schwietert, | Bankruptcy No. 19-35605 |
| Debtors. | Honorable A. Benjamin Goldgar |

NOTICE OF MOTION

TO:   See Attached Service List

**Please take notice** that on **September 18, 2020 at 11:00 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge, or any judge sitting in that judge's stead, and shall then and there present the attached *Trustee's Motion to Approve Sale of Real Estate Free and Clear of Liens and Encumbrances and Shortened Notice*, a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.CourtSolutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated:  September 11, 2020

Respectfully submitted,

Ilene F. Goldstein, not individually but as the chapter 7 trustee of the bankruptcy estate of John C. and Barbara L. Schwietert,

By:   /s/   *Daniel J. Nickel*
    One of her attorneys

Zane L. Zielinski (6278776)
Daniel J. Nickel, Of Counsel (6278133)

**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191 / 773-981-4725
f.  815-846-8516
e.  trustee@zanezielinski.com
e.  daniel@nickellawoffice.com

## CERTIFICATE OF SERVICE

I, Daniel J. Nickel, attorney, state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, service of the above referenced *Trustee's Motion to Approve Sale of Real Estate Free and Clear of Liens and Encumbrances and Shortened Notice,* on all persons identified as Registrants on the appended service list was accomplished through the Court's Electronic Notice for Registrants and that the Notice and foregoing document were also served via First Class Mail, on those parties below who are indicated to receive service by mail, by depositing same in the USPS drop box at the Chicago main post office at 433 West Harrison, Chicago, Illinois, on September 11, 2020 prior to 8:00 p.m.

   */s/ Daniel J. Nickel*
   Daniel J. Nickel

## SERVICE LIST

**VIA ELECTRONIC NOTICE**

David M. Siegel,   davidsiegelbk@gmail.com
    Debtors' Counsel

Patrick S. Layng          USTPRegion11.ES.ECF@usdoj.gov
    U.S. Trustee

Ilene F Goldstein         ifgcourt@aol.com

**VIA FIRST CLASS MAIL**

**Debtors**
John C. and Barbara L. Schwietert
21402 Andover Road
Kildeer, IL 60047

**All Parties with Interest in the Real Estate Described Herein – Via Mail**

| | |
|---|---|
| (Real Estate Taxes)<br>Santa Fe County Treasurer<br>Attn:  Delinquent Property Taxes<br>**PO Box T**<br>**Santa Fe, NM 87504-0528** | (Secured Mortgage)<br>Real Time Resolutions, Inc., as agent for<br>Las Campanas Management, LLC<br>1349 Empire Central Drive, Suite 150<br>Dallas, Texas 75247 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, Pennsylvania 19101 | Paul Orzech<br>P.O. Box #8880879<br>Steamboat Springs, CO 80488 |
| Paul Orzech<br>36115 Quarry Ridge Road<br>Steamboat Springs, Colorado 80488 | |

**All Parties Who Have Filed Proofs Of Claim – Via Mail**

| | |
|---|---|
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | Poul's Landscaping & Nursery, Inc.<br>6754 W Indian Creek Road<br>Long Grove, IL 60047 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, Pennsylvania 19101 | Paul Orzech<br>P.O. Box #8880879<br>Steamboat Springs, CO 80488 |
| Real Time Resolutions, Inc., as agent for<br>Las Campanas Management, LLC<br>1349 Empire Central Drive, Suite 150<br>Dallas, Texas 75247 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | U.S. Bank National Association<br>Bankruptcy Department<br>PO Box 108<br>Saint Louis MO 63166-0108 |
| Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD 57108-5027 |
| Department Stores National Bank<br>c/o Quantum3 Group LLC<br>PO Box 657<br>Kirkland, WA 98083-0657 | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| John C. and Barbara L. Schwietert, | Bankruptcy No. 19-35605 |
| Debtors. | Honorable A. Benjamin Goldgar |

**TRUSTEE'S MOTION TO APPROVE SALE OF REAL ESTATE
FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES AND SHORTEN NOTICE**

Ilene F. Goldstein (the "Trustee"), not individually, but as the chapter 7 trustee of the bankruptcy estate of John C. and Barbara L. Schwietert (the "Debtor"), respectfully requests that the Court enter an order pursuant to section 363(f) and (h) and 506(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure approving the sale contract between the Trustee and Mary S. Jones, as Trustee of the Mary S. Jones Trust (the "Buyer") attached hereto as **Exhibit 1** (the "Sale Contract"), related to the sale of the property commonly known as Vacant lot #2 Calle Ventoso East, New Mexico, commonly known as Lot 803, Las Campanas Estates VII Unit 1 Santa Fe, NM 87508-7506 (the "Property"), for $70,000 (the "Purchase Price"). In support of this Motion, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

The Property is vacant real estate in Santa Fe County, New Mexico and has the following legal description as stated in the Sale Contract:

Vacant lot #2 Calle Ventoso East, New Mexico, commonly known as Lot 803, Las Campanas Estates VII Unit 1 Santa Fe, NM 87508-7506.

Exhibit 1. Sale Contract.[1]  Based on the Trustee's review, the proposed sale price is reasonable.  As more fully described herein, the sale proceeds will be applied at closing to fully satisfy the following:  (i) 1,420.00 for Santa Fe County (NM) delinquent property taxes; (ii) $15,715.02 on a secured mortgage; (iii) a homeowners' association lien; and (iv) customary and ordinary expenses for title company fees and miscellaneous closing costs.  There is a purported second mortgage on the property, held by a friend of the Debtors, which the Trustee has formally disputed.  The Trustee has not engaged a real estate broker in connection with the Property.  The estate owes no sale commission on the Property.  The sale of the Property will otherwise be free and clear of all other liens and encumbrances.

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## CASE BACKGROUND

4. On December 18, 2019  (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5. The 341 meeting of creditors was conducted on or about February 27, 2020.

## THE REAL ESTATE

6. On a date prior to the Petition, the Debtors purchased the real estate described as Vacant lot #2 Calle Ventoso East, New Mexico, commonly known as Lot 803, Las Campanas Estates VII Unit 1 Santa Fe, NM 87508-7506 (the "Property").  The Property is an asset of the estate and the Debtors listed the Property on their schedules.

---

[1] At the time of filing, the title company has informed Trustee's counsel in writing that the Buyer signed the Sale Contract and submitted same to the title company.  The Trustee is obtaining a signed copy of the contract and will file as a supplement prior to presentment of this Motion.

7. The Property was not the Debtors' residence and the Debtors have not filed a homestead exemption therein. The Property is vacant land.

8. The Property is encumbered by a secured mortgage of approximately $15,700, delinquent real estate taxes of approximately $1,400 and a lien by a homeowners' association. The Trustee does not dispute these liens.

**The Disputed Post-Petition Security Interest**

9. Additionally, an individual, Paul Orzech, asserts a lien of $17,000 on the Property (the "Orzech Claim"), however upon the Trustee's investigation, and as more fully described below, the lien is invalid and was "created" post-petition.

10. In conjunction with this Motion, the Trustee has filed an adversary complaint against Paul Orzech, and is seeking to approve the sale free and clear of his lien.[2] This adversary complaint also asserts a claim against Orzech for violation of the automatic stay, and seeks to deny or subordinate his claim.

11. With respect to the Orzech Claim of $17,000, the Trustee has investigated this claim and determined it is, at best, an unsecured debt and is not a valid lien on the Property. None of the sale proceeds will be applied to satisfy the Orzech Claim, until resolution of the adversary complaint.

12. The Trustee has had substantial communications with the creditor, Paul Orzech, and communicated to him the Trustee's position that Mr. Orzech has no valid lien on the Property. However, Mr. Orzech claims that he should still be paid despite knowing that he has an improperly filed, undocumented security interest.[3]

**Sale Contract**

13. Based upon the Trustee's investigation and her communications with the title company, there are no other liens or encumbrances on the Property.

14. The proposed Purchase Price is well within the reasonable range of the Property's value. In preliminary communications with potential real estate brokers, a local

---

[2] The Trustee anticipates that there is sufficient sale proceeds to satisfy any secured claim of Paul Orzech, if the court determines that his post-petition filed mortgage is valid.
[3] In addition to the fact that it was filed after the bankruptcy petition, the purported security instrument was only signed by one of the Debtors despite the fact the Property is owned by both Debtors.

broker suggested $80,000 as the listing price. Also, the Debtors' schedule lists $70,000 as the Property's value.

15. The Trustee has received a signed contract from the Buyer that agrees to the following material terms:

    (a) Buyer will pay $70,000.00 cash;

    (b) As more fully described herein, the following will be paid from the sale proceeds: delinquent real estate taxes, and title and miscellaneous closing costs.

16. As described in the proposed Contract, the sale proceeds will be applied as follows to fully satisfy all obligations:

    (a) $1,420.00 for Santa Fe County (NM) property taxes;

    (b) $15,715.02 for the secured mortgage held by Real Time Resolutions, Inc., as agent for Las Campanas Management, LLC;

    (c) A homeowners' association lien; and

    (d) The customary title and miscellaneous closing costs.

17. With respect to the secured mortgage, the secured creditor has filed a proof of claim that states the foregoing amount is owed.

18. Except for the aforementioned, the Trustee does not know of any other liens or encumbrances on the Property.

19. The Trustee maintains that after the sale of the Property that the Debtors' estate would net funds exceeding $50,000.

20. The Trustee believes that the proposed transaction is fair and reasonable, and is in the best interest of the estate, due to the fact that the Property is a vacant lot and also due to the current uncertain economic environment.

## RELIEF REQUESTED

21. Pursuant to 11 U.S.C. §§ 363(f), the Trustee respectfully requests the entry of an order authorizing the Trustee to sell the Property to the Buyer on the terms set forth in the Sale Contract, free and clear of any encumbrances, liens or interests.

22. The Trustee further requests authority to pay at the time of and from the proceeds of the closing, the following:

   (a) $1,420.00 for Santa Fe County (NM) property taxes;

   (b) $15,715.02 for the secured mortgage held by Real Time Resolutions, Inc., as agent for Las Campanas Management, LLC;

   (c) A homeowners' association lien; and

   (d) the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, recording charges, transfer tax, survey, condo association dues, and utility reimbursement.

## BASIS FOR APPROVING SALE CONTRACT

23. In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g., In re Olde Prairie Block Owner, LLC*, 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler,* 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005).

24. The Seventh Circuit has held that such a sale may be approved where the trustee has an "articulated business justification." *In re Schipper,* 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.,* 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

25. Moreover, a trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *Id., In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992). The paramount goal in any proposed sale of property of the estate is to maximize the estate. *See, e.g., Corp. Assets, Inc. v. Paloian*, 368

F.3d 761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle . . . is to secure the highest price for the benefit of the estate and creditors).

26. The Trustee respectfully submits that in the exercise of his business judgment, the Sale Contract is both fair and equitable and in the best interests of the Debtors' estate.

## NOTICE

27. Currently, the Trustee has secured limited insurance for the Property, and needs to close on the sale of the Property as quickly as possible to reduce the potential administrative costs to the estate. The estate has no funds to pay for further insurance, and the Trustee wants to close on the sale prior to the current insurance expiring.

28. The Trustee has served at least seven (7) days' written notice of this motion, by regular U.S. mail, on all creditors who have filed a proof of claim, all parties that claim an interest in the Property, all parties who have requested notice and the Debtors. Also, all electronic registrants have received electronic notice. In the circumstances, the notice is sufficient and the Trustee requests this Court approve the shortened notice.

**Wherefore**, the Trustee respectfully requests that this Court to enter an order:

A. Approving the Trustee's sale of the Property commonly known as Vacant lot #2 Calle Ventoso East, New Mexico, commonly known as Lot 803, Las Campanas Estates VII Unit 1 Santa Fe, NM 87508-7506 to the Buyer for the Purchase Price, free and clear of liens and encumbrances, including but not limited to the secured claims of Real Time Resolutions, Inc., as agent for Las Campanas Management, LLC, the local homeowners' association, and Paul Orzech, with such liens attaching to the Sale Proceeds and not the Property ;

B. Authorizing and approving the Trustee to pay from the sale proceeds from the Property the specific amounts to the parties that are all specifically described above, and further, the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, recording charges, transfer tax, survey, water bills, and utility reimbursement;

C. Authorizing the Trustee to execute any documents as may be reasonable and necessary to consummate the sale of the Property to the Buyer, including but not limited to executing a deed transferring the Property to the Buyer on behalf of the Debtors' Estate;

  D. Determining the notice given of the Motion to be sufficient, and that no further notice is required; and

  E. Granting such other and further relief as this Court deems fair and just.

| | |
|---|---|
| Dated: September 11, 2020 | Respectfully submitted, |
| | Ilene F. Goldstein, not individually but as the chapter 7 trustee of the bankruptcy estate of John C. and Barbara L. Schwietert, |
| | By: /s/ *Daniel J. Nickel* |
| |  One of her attorneys |

Zane L. Zielinski (6278776)
Daniel J. Nickel, Of Counsel (6278133)
**THE LAW OFFICE OF**
 **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d. 773-877-3191 / 773-981-4725 (Nickel)
f. 815-846-8516
e. trustee@zanezielinski.com
e. daniel@nickellawoffice.com